**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
                                   :        17 Misc. _____

IN THE MATTER OF THE APPLICATION OF  :
**EDUARDO LUCAS FORNACIARI**          :
FOR AN ORDER TO TAKE DISCOVERY   :
PURSUANT TO 28 U.S.C. § 1782        :
----------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT
## OF SECOND APPLICATION FOR AN ORDER
## PURSUANT TO 28 U.S.C. § 1782

Applicant Eduardo Lucas Fornaciari, an individual residing in Yerba Buena, Provincia de Tucumán, Argentina ("Fornaciari"), submits this Memorandum of Law in support of his second *ex parte* application pursuant to 28 U.S.C. § 1782.  By this second application, Fornaciari seeks an Order authorizing the issuance of subpoenas directing Reid Rhodes ("Rhodes"), JPMorgan Chase Bank, N.A. ("JPMorgan"), the Royal Bank of Canada (the "Royal Bank"), RBC Capital Markets LLC ("RBC"), and BNP Paribas (Suisse) S.A. ("BNP Paribas") to produce documents and give deposition testimony for use in a proceeding Fornaciari commenced in an Argentine Labor Court.

By Order Pursuant to 28 U.S.C. § 1782 of the Honorable J. Paul Oetken, United States District Judge, dated and entered August 31, 2017, this Court granted Fornaciari's first *ex parte* application for discovery in its entirety.  This second *ex parte* application covers different parties to be subpoenaed and different letters rogatory, but otherwise involves the same foreign proceeding.  For the reasons that follow, this application should be granted in its entirety.

## STATEMENT OF FACTS

This statement of facts is based upon the Declaration, dated December 27, 2017, of Lucas José Battiston (the "Battiston Decl."), an Argentine attorney whose law firm is representing

Fornaciari in the Argentine proceeding, and the Declaration, dated December 28, 2017, of Kathleen M. Kundar, Esq. of the law firm of Fox Horan & Camerini LLP, New York counsel for Fornaciari (the "Kundar Decl.").

## I.     The Parties

Fornaciari is an individual residing in Yerba Buena, Provincia de Tucumán, Argentina. Battiston Decl. ¶ 4.  Rhodes, JPMorgan, the Royal Bank, RBC, and BNP Paribas (collectively, the "Parties to be Subpoenaed") reside and may be found in the Southern District of New York. *See* Kundar Decl. ¶¶ 5-9.

## II.    The Proceeding

On June 4, 2015, Fornaciari commenced an action against Citromax S.A.C.I. and Vivian Rose Glueck (the "Argentine Proceeding") in the National First Instance Labor Court No. 38, seated at Tte. Gral. Juan Domingo Peron No. 990, Piso 8, Ciudad Autónoma de Buenos Aires, República Argentina, Sole Secretariat (the "Argentine Tribunal").  Battiston Decl. ¶ 6.  The Argentine Proceeding is currently pending before the Argentine Tribunal.  *Id.*  Although it initially appeared that the Argentine Proceeding would go to trial in 2017, it now appears that the trial will take place in 2018.  *Id.*

The Argentine Proceeding is an action to recover labor indemnities which are calculated based on compensation paid to the employee.  Battiston Decl. ¶ 8.  Fornaciari was an employee of Citromax S.A.C.I. from 1982 until January 2015, when his employment was terminated.  *Id.* Citromax S.A.C.I. is an affiliate of Citroil Manufacturing Co., Citroil Enterprises Inc., and Citromax U.S.A., Inc., which are headquartered in the United States.

Part of Fornaciari's compensation was paid through U.S. bank accounts in the name of "Eastcoast Flavors, Inc." and "Citroil Manufacturing Co."  Battiston Decl. ¶ 9.  Fornaciari is in

possession of emails showing that Citroil Enterprises, Inc. and Citroil Manufacturing Co. oversaw the making of such payments under the direction of its former Chief Financial Officer, Rhodes. *Id.*[1]

Part of Fornaciari's compensation was also paid through the following entities:

A.  A bank account held by Jacobo Glueck with the Bank of New York, National Community Division in Carlstadt, New Jersey, to which JPMorgan is successor;

B.  A U.S. dollar bank account held by South Atlantic Chemical Company Ltd. with the Royal Bank;

C.  An account held by Eastern Laboratories Ltd. with RBC Dominion Securities, to which RBC is successor; and

D.  A bank account held by Henry Rosenberg with BNP Paribas.

Battiston Decl. ¶ 10; *see also* Kundar Decl. ¶¶ 5, 6.

By this application, Fornaciari seeks documents concerning his compensation and how it was paid in order to prove the amount of the labor indemnity to be awarded to him in the Argentine Proceeding. *See* Battiston Decl. ¶ 12.

## III.    The Argentine Tribunal

The Argentine Tribunal is a conventional court in the Argentine national court system having jurisdiction over labor disputes. Battiston Decl. ¶ 6. Evidence is submitted to the Argentine Tribunal, and the Argentine Tribunal has the power to make determinations on the basis of such evidence. Battiston Decl. ¶ 7.

At Fornaciari's request, the Argentine Tribunal issued Letters Rogatory addressed to each of Rhodes, the Bank of New York (predecessor to JPMorgan), the Royal Bank, RBC Dominion

---

[1] Upon information and belief, Rhodes is no longer employed by any Citroil or Citromax company. *Id.*

Securities (predecessor to RBC), and BNP Paribas, and appointed Kathleen M. Kundar, New York counsel for Fornaciari, to present the Letters Rogatory to this Court.  Battiston Decl. ¶ 12. Each of the Letters Rogatory seeks production of documents and testimony, as requested on this application.  *See id.*

## IV.     The Documents and Testimony Requested

On this application, from **Rhodes**, Fornaciari seeks: (1)(a) copies of certain emails related to salary payments made to Fornaciari under the direction of Rhodes; (b) documents showing the dates of payment and amounts paid to Fornaciari; (c) wire transfer documents that correspond to the payment of salary or bonus to Fornaciari; (d) documents reflecting any payment of salary or bonus authorized by Vivian Rose Glueck; and (2) testimony related to: (a) the requested documents; (b) the payments made to Fornaciari; (c) the duties performed by Fornaciari; and (d) the corporate relationship among the various companies whose accounts were used to make salary and bonus payments to Fornaciari.  Battiston Decl. ¶ 12(a).[2]  By this application, Fornaciari also seeks testimony authenticating such documents.  Battiston Decl. ¶ 12(a).

From **JPMorgan**, Fornaciari seeks: (1) copies of documents showing Jacobo Glueck's status as a customer registered with the Bank of New York; (2) copies of documents concerning the ownership of the bank account from which a certain check, annexed to the Letter Rogatory (the "Bank of New York Check"), was drawn; (3) copies of documents identifying the person(s) authorized to manage the account against which the Bank of New York Check was drawn; and (4) copies of documents identifying whether the payment reflected by the Bank of New York Check corresponds to payment(s) made by check(s) drawn upon bank account(s) owned by

---

[2] A true copy of the Letter Rogatory concerning Rhodes is annexed to the Battiston Decl. as Exhibit A.

Citromax S.A.C.I.  Battiston Decl. ¶ 12(b).[3]  By this application, Fornaciari also seeks testimony authenticating such documents.  Battiston Decl. ¶ 12(b).

From **the Royal Bank,** Fornaciari seeks: (1) copies of documents showing South Atlantic Chemical Company Ltd.'s status as a customer registered with the Royal Bank; (2) copies of documents concerning the ownership of the bank account from which a certain check, annexed to the Letter Rogatory (the "Royal Bank Check"), was drawn; (3) copies of documents identifying the person(s) authorized to manage the account against which the Royal Bank Check was drawn; and (4) copies of documents identifying whether the payment reflected by the Royal Bank Check corresponds to payment(s) made by check(s) drawn against bank account(s) held by South Atlantic Chemical Company Ltd.  Battiston Decl. ¶ 12(c).[4]  By this application, Fornaciari also seeks testimony authenticating such documents.  Battiston Decl. ¶ 12(c).

From **RBC,** Fornaciari seeks: (1) copies of documents showing Eastern Laboratories Ltd.'s status as a customer registered with RBC between 1994 and February 2015; (2) copies of certain wire transfer receipts for wire transfers made by and between RBC, in Toronto, Canada, and Credicorp Bank, in Panama City, Panama, as shown by the documents annexed to the Letter Rogatory; and (3) copies of documents showing that such wire transfers were made as instructed.  Battiston Decl. ¶ 12(d).[5]  By this application, Fornaciari also seeks testimony authenticating such documents.  Battiston Decl. ¶ 12(d).

---

[3] A true copy of the Letter Rogatory concerning the Bank of New York (predecessor to JPMorgan) is annexed to the Battiston Decl. as Exhibit B.

[4] A true copy of the Letter Rogatory concerning the Royal Bank is annexed to the Battiston Decl. as Exhibit C.

[5] A true copy of the Letter Rogatory concerning RBC Dominion Securities (predecessor to RBC) is annexed to the Battiston Decl. as Exhibit D.

From **BNP Paribas,** Fornaciari seeks: (1) copies of documents showing Henry Rosenberg's status as a customer registered with BNP Paribas between 1994 and February 2015; (2) a copy of a certain wire transfer receipt for a wire transfer made by and between BNP Paribas, in Geneva, Switzerland, and Standard Chartered Bank (Hong Kong) Limited, in Hong Kong, as shown by the documents annexed to the Letter Rogatory; (3) a copy of a certain wire transfer receipt for a wire transfer made by and between BNP Paribas, in Geneva, Switzerland, and JPMorgan, in New York, New York, as shown by the documents annexed to the Letter Rogatory; and (4) copies of documents showing that such wire transfers were made as instructed. Battiston Decl. ¶ 12(e).[6]  By this application, Fornaciari also seeks testimony authenticating such documents.  Battiston Decl. ¶ 12(e).

## V.      The Subpoenas

Fornaciari requests that this Court enter an Order directing that subpoenas be issued to each of the Parties to be Subpoenaed (collectively, the "Subpoenas"), and that the Subpoenas provide for the production of the documents and taking of the testimony requested by Fornaciari.[7]  Fornaciari is prepared to pay the reasonable expenses that the Parties to be Subpoenaed may incur in producing the documents and/or giving the testimony required by the Subpoenas.  Battiston Decl. ¶ 17.

---

[6] A true copy of the Letter Rogatory concerning BNP Paribas is annexed to the Battiston Decl. as Exhibit E.

[7] Proposed forms of the Subpoenas are annexed to the Kundar Decl. as Exhibits H-L.

**ARGUMENT**

**AN ORDER AUTHORIZING THE ISSUANCE OF
SUBPOENAS FOR TESTIMONY AND PRODUCTION
OF DOCUMENTS IS PROPER HERE**

A.    FORNACIARI HAS MET THE REQUIREMENTS OF THE STATUTORY
THRESHOLD FOR RELIEF UNDER 28 U.S.C. § 1782.

Section 1782 authorizes discovery to litigants or other "interested persons" in

proceedings before foreign and international tribunals.  In pertinent part, Section 1782 states as

follows:

> The district court of the district in which a person resides or is found
> may order him to give his testimony or statement or to produce a
> document or other thing for use in a proceeding in a foreign or
> international tribunal. . . .  The order may be made pursuant to a letter
> rogatory issued, or request made, by a foreign or international tribunal
> or upon the application of any interested person and may direct that
> the testimony or statement be given, or the document or other thing be
> produced, before a person appointed by the court.

28 U.S.C. § 1782(a).

This Court is empowered to order discovery pursuant to Section 1782 if the following

statutory requirements are met: (1) "the person from whom discovery is sought resides (or is

found) in the district of the district court to which the application is made"; (2) "the discovery is

for use in a foreign proceeding before a foreign tribunal"; and (3) "the application is made by a

foreign or international tribunal or any interested person."  *Brandi-Dohrn v. IKB Deutsche

Industriebank AG,* 673 F.3d 76, 80 (2d Cir. 2012).  Each of these elements is satisfied here.

Accordingly, this application should be granted in its entirety.

i.     The Parties to be Subpoenaed reside and are found in this District.

Each of the Parties to be Subpoenaed resides and is found in the Southern District of New

York by virtue of living there, conducting business there, and/or maintaining offices there.  *See*

Kundar Decl. ¶¶ 5-9.  The first element is therefore met here.

Moreover, this application comports with constitutional due process standards.  In *BNSF*

*Railway Co. v. Tyrrell*, 137 S.Ct. 1549 (2017), *Daimler AG v. Bauman*, 134 S.Ct. 746 (2014),

and *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011) (collectively, the

"*Daimler* Trilogy"), the Supreme Court declared that a legal entity may be subject to a court's

*general* jurisdiction when its "affiliations within the State are so 'continuous and systematic' as

to render them essentially at home in the forum State."  *Daimler*, 134 S.Ct. at 754 (quoting

*Goodyear*, 564 U.S. at 919).  A legal entity is typically "at home" where it is incorporated and

where its principal place of business is located.  *Id.* at 760-61, 761 n.19.

On the other hand, *specific* jurisdiction permits a court to exercise power over a legal

entity when the issues or claims before the court "aris[e] out of or relat[e] to the [entity's]

contacts with the forum."  *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 134 (2d Cir. 2014)

(quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)).

Assuming *arguendo* that constitutional due process requirements apply to requests for

assistance to foreign tribunals and foreign litigants made pursuant to Section 1782,[8] Fornaciari

submits that the constitutional due process requirements are satisfied here:

**Rhodes** resides in Rockland County in the Southern District of New York at 28 Lime

Kiln Road, Suffern, New York 10901.  Kundar Decl. ¶ 7; *see also* Ex. E to Kundar Decl.  Thus,

---

[8] *See In re Sergeant*, 2017 WL 4512366 (S.D.N.Y. Oct. 10, 2017), and *Australia & New Zealand Banking Group Ltd. v. APR Energy Holding Ltd.*, 2017 WL 3841874 (S.D.N.Y. Sept. 1, 2017), both recently decided in this District, which hold that the due process limits articulated in the *Daimler* Trilogy apply to Section 1782 applications.

this Court has general jurisdiction over Rhodes and may properly authorize the issuance of a subpoena to Rhodes pursuant to Section 1782.  *See Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 622 n.1 (2d Cir. 2016) ("A state has [] general jurisdiction over its residents[.]").

**JPMorgan** resides, may be found, and is "at home" in the Southern District of New York because it maintains its headquarters at 270 Park Avenue, New York, New York 10017.  Kundar Decl. ¶ 5; *see also* Ex. B to Kundar Decl.  Accordingly, this Court has general jurisdiction over JPMorgan and is empowered to order the issuance of a subpoena to JPMorgan pursuant to Section 1782.  *See Daimler*, 134 S.Ct. at 760-61 (legal entity "at home" where its principal place of business is located).

**The Royal Bank** resides and may be found in the Southern District of New York by virtue of conducting business there and maintaining offices at 12 East 49th Street, Tower 49, 35th Floor, New York, New York 10017.  Kundar Decl. ¶ 8; *see also* Ex. F to Kundar Decl. Given this matter's connections to the Southern District, as shown by Fornaciari's first Section 1782 application and this second Section 1782 application, Fornaciari also believes that the documents to be produced in response to the Subpoenas will establish specific jurisdiction over the Royal Bank by reason of its contacts with New York.  Moreover, should the Royal Bank object to its subpoena on jurisdictional grounds, it is entitled to seek to quash and/or modify its subpoena, *see* Fed. R. Civ. P. 45(d)(3), or to seek a protective order, *see* Fed. R. Civ. P. 26(c).

**RBC** resides, may be found, and is "at home" in the Southern District of New York by virtue of conducting business and maintaining its "Head Office" at 200 Vesey Street, 9th Floor, New York, New York 10281.  Kundar Decl. ¶ 6; *see also* Ex. D to Kundar Decl.  Consequently, this Court has general jurisdiction over RBC and may authorize the issuance of a subpoena to

RBC pursuant to Section 1782.  *See Daimler*, 134 S.Ct. at 760-61 (legal entity "at home" where its principal place of business is located).

Finally, **BNP Paribas** resides and may be found in the Southern District of New York by virtue of conducting business there and maintaining offices at The Equitable Tower, 787 Seventh Avenue, New York, New York 10019.  Kundar Decl. ¶ 9; *see also* Ex. G to Kundar Decl. Furthermore, by this application, Fornaciari seeks discovery concerning a wire transfer of funds from BNP Paribas to JPMorgan in New York, New York.  *See* Battiston Decl. ¶ 12(e).  Because BNP Paribas "purposefully availed [itself] of this forum and . . . [its] conduct was sufficiently related to the . . . action that is the subject of this dispute," this Court has specific jurisdiction over BNP Paribas and is empowered to authorize service of a subpoena upon BNP Paribas. *Gucci Am., Inc. v. Weixing Li*, 135 F.Supp. 3d 87, 99 (S.D.N.Y. 2015).

ii.  Fornaciari seeks discovery for use in a proceeding before a foreign tribunal.

Section 1782 requires that the requested discovery be for use in a proceeding before a foreign tribunal.  28 U.S.C. § 1782.  In this context, the term "tribunal" includes "investigating magistrates, administrative and arbitral tribunals, and quasi-judicial agencies, as well as conventional civil, commercial, criminal, and administrative courts."  *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 258 (2004) (quoting Hans Smit, *International Litigation Under the United States Code*, 65 COLUM. L. REV. 1015, 1026-27 (1965)).  This requirement is met when the requested discovery is for use in "a proceeding in which an adjudicative function is being exercised."  *Lancaster Factoring Co. v. Mangone*, 90 F.3d 38, 41 (2d Cir. 1996).

By this application, Fornaciari seeks discovery for use in the Argentine Proceeding before the Argentine Tribunal, a conventional civil court located in Argentina.  Battiston Decl. ¶ 6.  As such, Fornaciari seeks discovery for use in a proceeding before "foreign tribunal" within

the meaning of Section 1782.  *See Intel Corp.*, 542 U.S. at 258 (conventional civil courts qualify as "tribunals" under Section 1782).  The second statutory requirement is therefore satisfied.

  iii. <u>Fornaciari is an "interested person" in the Argentine Proceeding before the Argentine Tribunal.</u>

  It is axiomatic that a party to an international proceeding qualifies as an "interested person" under Section 1782.  *Intel Corp.,* 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782[.]").  As the plaintiff in the Argentine Proceeding, Fornaciari qualifies as an "interested person" under Section 1782.  *Id.*; *see also In re Application of Esses,* 101 F.3d 873, 875 (2d Cir. 1996) (parties to international proceedings are "interested person[s]" under Section 1782).  Based on the foregoing, the three statutory requirements under Section 1782 are squarely met here.  Fornaciari's application should thus be granted in in its entirety.

**B.** <u>THIS COURT'S DISCRETION SHOULD BE EXERCISED IN FAVOR OF FORNACIARI.</u>

  The twin goals of Section 1782 are to "provid[e] efficient means of assistance to participants in international litigation in our federal courts" and to "encourag[e] foreign countries by example to provide similar means of assistance to our courts."  *Marubeni Am. Corp. v. LBA Y.K.,* 335 F.App'x 95, 96 (2d Cir. 2009) (internal quotation omitted).  "In pursuit of these twin goals, the statute has, over the years, been given 'increasingly broad applicability.'"  *Brandi-Dohrn*, 673 F.3d at 80 (quoting *In re Gianoli Aldunate*, 3 F.3d 54, 57 (2d Cir. 1993)).

  The Supreme Court has identified four factors to guide courts in determining whether to exercise their discretion to grant a party's request for discovery under Section 1782: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of proceedings underway abroad, and the receptivity

of the foreign government, court, or agency to federal-court judicial assistance; (3) whether the applicant's Section 1782 discovery request conceals an attempt to circumvent foreign proof gathering limits of a foreign country or the United States; and (4) whether the applicant's discovery requests are "unduly intrusive or burdensome." *Intel Corp.*, 542 U.S. at 264-65.

All four of these factors favor Fornaciari.

First, none of the Parties to be Subpoenaed is a party to the Argentine Proceeding. *See* Battiston Decl. ¶ 13.

Second, the Argentine Tribunal is a conventional civil court and the Argentine Proceeding is a civil proceeding to recover labor indemnities owed to Fornaciari. Battiston Decl. ¶¶ 6, 8. Moreover, in the five Letters Rogatory annexed to the Battiston Decl., the Argentine Tribunal agreed to provide similar assistance to United States courts. *See* Exs. A-E to Battiston Decl.

Courts have also held "that the receptivity of a foreign court to U.S. federal judicial assistance may be inferred from the existence of treaties that facilitate cooperation between the U.S. federal judiciary and the foreign jurisdiction." *In re Application of Imanagement Servs. Ltd.,* 2006 WL 547949, at *4 (D.N.J. Mar. 3, 2006). For example, in *In re Application of Servicio Pan American de Proteccion, C.A.,* 354 F.Supp. 2d 269, 274 (S.D.N.Y. 2004), the Court found that Venezuela "indicated its receptivity to federal judicial assistance by its signature of treaties facilitating such cooperation" and granted the applicant's Section 1782 application.

Argentine courts' receptivity to assisting United States courts may therefore be inferred from the existence of various treaties between Argentina and the United States, including, among others: the U.S.-Argentina Treaty on Mutual Legal Assistance in Criminal Matters, Treaty Doc. 102-18, Dec. 4, 1990, 102d Cong., 1st Sess.; the Vienna Convention on Consular Relations and

Optional Protocol on Disputes, Dec. 24, 1969, 21 U.S.T. 77, 596 U.N.T.S. 261; and the Inter-American Convention on Letters Rogatory and Additional Protocol, to which both Argentina and the United States are parties.

Furthermore, a foreign government's or tribunal's lack of receptivity to assisting United States courts may only be shown through "affirmative evidence," such as express statements in amicus briefs or express requests from a governmental body. *In re Application of Imanagement Servs., Ltd.*, 2006 WL at *4; *see also In re XPO Logistics, Inc.*, 2017 WL 2226593, at *6 (S.D.N.Y. May 22, 2017) (failure to show that foreign court "actively opposed the assistance of U.S. discovery procedures, either in this case or in any other," justified exercise of discretion to grant Section 1782 application).  No such evidence exists here.

<u>Third</u>, Fornaciari is not seeking to circumvent Argentine discovery restrictions.  If any of the accounts and business records that Fornaciari seeks were locally available, the information sought would have been discoverable in Argentina under certain Argentine court rules. Battiston Decl. ¶ 16.

<u>Fourth</u>, and finally, Fornaciari's discovery requests are not unduly intrusive or burdensome.  To the contrary, the requested documents consist of records which are routinely created and maintained in the ordinary course of business.  *See* Battiston Decl. ¶ 12.

<u>In sum</u>, each of the above factors weighs in favor of Fornaciari's application.  It would therefore be a proper exercise of discretion for this Court to grant the discovery requested here. Consequently, Fornaciari's application should be granted in its entirety.

C.     <u>AN EX PARTE APPLICATION IS PROPER HERE.</u>

By this application, Fornaciari seeks the issuance of the Subpoenas pursuant to the Federal Rules of Civil Procedure.  "[I]t is neither uncommon nor improper for district courts to

grant applications made pursuant to § 1782 *ex parte*." *Gushlak v. Gushlak,* 486 F.App'x 215,

217 (2d Cir. 2012); *see also In re O'Keefe,* 650 F.App'x 83, 85 (2d Cir. 2016) (rejecting

subpoenaed party's "suggestion that it was impermissible or improper for [the Section 1782

applicant] to bring her application *ex parte*").   In the event that any of the Parties to be

Subpoenaed elects not to comply with Fornaciari's discovery requests, or objects to jurisdiction,

it is entitled to seek to quash and/or modify its subpoena, *see* Fed. R. Civ. P. 45(d)(3), or to seek

a protective order, *see* Fed. R. Civ. P. 26(c). *See also Gushlak,* 486 F.App'x at 217 ("The

respondent's due process rights are not violated because [it] can later challenge any discovery

request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3).").   Thus,

Fornaciari's *ex parte* application is properly filed and should be granted in its entirety.


## CONCLUSION

For these reasons, this Court should grant Fornaciari's application in all respects and

grant such other and further relief as to this Court shall seem just.   A proposed order is submitted

with Fornaciari's application.


Dated:  December 28 , 2017
      New York, New York                Respectfully submitted,

                                        FOX HORAN & CAMERINI LLP
                                        Attorneys for Eduardo Lucas Fornaciari

                                        By: _____
                                           Kathleen M. Kundar (KK1674)
                                           Jami L. Mevorah (JM0527)
                                           825 Third Avenue
                                           New York, New York 10022
                                           Tel.: (212) 480-4800
                                           Fax: (212) 269-2383
                                           Email: kmkundar@foxlex.com
                                           Email: jmevorah@foxlex.com