UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

IN THE MATTER OF THE
APPLICATION OF

EDUARDO LUCAS FORNACIARI

FOR AN ORDER TO TAKE
DISCOVERY PURSUANT TO 28 U.S.C.
§ 1782

17mc521

MEMORANDUM & ORDER

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIAM H. PAULEY III, District Judge:

Eduardo Lucas Fornaciari brings this application ex parte under 28 U.S.C. § 1782 for an order directing the issuance of subpoenas on Reid Rhodes, JPMorgan Chase Bank N.A. ("JPMorgan"), the Royal Bank of Canada ("Royal Bank"), RBC Capital Markets LLC ("RBC"), and BNP Paribas (Suisse) S.A. ("BNP Paribas") to produce documents and provide testimony for use in an Argentine civil proceeding brought by Fornaciari bearing the caption Eduardo Lucas Fornaciari v. Citromax S.A.C.I., et al., case no. 36432/2015 (the "Argentine Proceeding"). For the reasons that follow, Fornaciari's application is granted as to Rhodes, JPMorgan, RBC, and BNP Paribas and denied without prejudice as to Royal Bank.

DISCUSSION

I.    Rhodes, JPMorgan, RBC, and BNP Paribas

Having considered Fornaciari's application and the supporting materials, this Court has the statutory authority under § 1782 to grant the application as to Rhodes, JPMorgan, RBC, and BNP Paribas. See Mees v. Buiter, 793 F.3d 291, 297 (2d Cir. 2015). Granting Fornaciari's application is also an appropriate exercise of discretion based on the considerations

expounded by the Supreme Court in Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264-65 (2004). Accordingly, Fornaciari's § 1782 application for discovery from Rhodes, JPMorgan, RBC, and BNP Paribas is granted. Subpoenas to produce documents and provide testimony concerning the compensation paid to Fornaciari in connection with his employment with Citromax S.A.C.I. in substantially the same form as Exhibits H, I, J, and L to the Kundar Declaration[1] shall be issued to Rhodes, JPMorgan, RBC, and BNP Paribas (the "Subpoenas") in accord with the Federal Rules of Civil Procedure and served together with a copy of this Memorandum & Order. Kathleen M. Kundar, Esq. and any other attorney affiliated with the law firm of Fox, Horan & Camerini LLP are hereby appointed (1) to issue the Subpoenas to obtain such discovery pursuant to the Federal Rules of Civil Procedure; (2) as examiner to obtain the requested documents and take the depositions pursuant to the Federal Rules of Civil Procedure; and (3) to return to the Argentine tribunal the documents produced pursuant to the Subpoenas, as well as any certifications of authenticity of any of the documents and any transcripts of any depositions taken pursuant to the Subpoenas.

II.     Royal Bank

This Court is not persuaded of its statutory authority to grant Fornaciari's application as to Royal Bank on the record before it. A district court "has authority to grant a § 1782 application where: (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign [or international] tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." Mees, 793 F.3d at 297. Only the first statutory requirement is at issue here.

---

[1]     References to the Kundar Declaration are to the Declaration of Kathleen M. Kundar in Support of the Second Application of Eduardo Lucas Fornaciari To Take Discovery Pursuant to 28 U.S.C. § 1782, ECF No. 3.

Although § 1782 does not define what it means to reside or be found in a district, courts in this District—including this one—have held that at minimum, "compelling an entity to provide discovery under § 1782 must comport with constitutional due process." In re Sargeant, --- F. Supp. 3d ---, 2017 WL 4512366, at *3 (S.D.N.Y. 2017); see also Austl. & N.Z. Banking Grp. Ltd. v. APR Energy Holding Ltd., 2017 WL 3841874, at *4 (S.D.N.Y. Sept. 1, 2017). This requires that Royal Bank's "affiliations with the State [be] so 'continuous and systematic' as to render [it] essentially at home in the forum State," BNSF Ry. Co. v. Tyrell, 137 S. Ct. 1549, 1558 (2017) (citation and quotation marks omitted), or that it have sufficient contacts with the forum that relate to the requested discovery or from which the discovery order arises, see Gucci Am., Inc. v. Weixing Li, 768 F.3d 122, 142 (2d Cir. 2014); Austl. & N.Z. Banking Grp. Ltd., 2017 WL 3841874, at *5.

Here, Fornaciari does not appear to argue that due process is satisfied on the basis that Royal Bank is at home in the Southern District of New York, and to the extent that he premises general jurisdiction on the mere existence of Royal Bank's offices in this District, such argument is foreclosed by Daimler AG v. Bauman, 134 S. Ct. 746 (2014). See In re Sargeant, 2017 WL 4512336, at *3-4. Instead, Fornaciari asserts that documents to be produced in response to the subpoenas will establish specific jurisdiction over Royal Bank, and that any jurisdictional bridge should be crossed on a motion to quash or modify the subpoena. But aside from speculation, Fornaciari does not explain what Royal Bank's relevant contacts with the forum are or how the requested discovery arises from or relates to these contacts. Moreover, Fornaciari's unsupported belief that the documents to be produced will establish specific jurisdiction is unpersuasive. For one thing, the first statutory prerequisite would be defanged because any § 1782 applicant could make such a claim. Moreover, the statutory prerequisites

govern a court's authority to grant the § 1782 application in the first instance.  See Brandi-Dohrn v. IBK Deutsche Industriebank AG, 673 F.3d 76, 80 (2d Cir. 2012).  If specific jurisdiction could only be established once the requested discovery is provided, then granting the antecedent application to obtain that discovery would effectively turn the statute on its head.  Thus, Fornaciari's application is denied without prejudice as to Royal Bank.  If Fornaciari seeks to supplement the record, he may do so on or before February 12, 2018.

## CONCLUSION

For the foregoing reasons, Fornaciari's application is granted in part and denied in part.  Subpoenas in substantially the same form as Exhibits H, I, J, and L to the Kundar Declaration may be directed to Rhodes, JPMorgan, RBC, and BNP Paribas.  This Court retains jurisdiction as is necessary to effectuate the terms of the Subpoenas or any additional request with respect to the Royal Bank of Canada for use in the Argentine Proceeding.  The Clerk of Court is directed to mark this case as closed.

Dated: January 29, 2018
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.